**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jeffery L. Phillips, | ) | No. CV-09-8172-PCT-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| United States of America, et al., | ) | |
| Defendants. | ) | |

The court has before it the government's motion to dismiss the complaint (doc. 13), and plaintiff's response (doc. 14).[1]

This matter arises from the administrative forfeiture by the United States Drug Enforcement Agency ("DEA") of $161,868.06 in currency seized from plaintiff following a traffic stop. Plaintiff alleges that on April 22, 2006, he was stopped by officers of the Arizona Department of Public Safety for speeding. Because the officers detected an odor of marijuana, they searched plaintiff's vehicle and discovered a small amount of marijuana, as well as $161,868.06 in cash. On June 1, 2006, after concluding that the seized property was

---

[1]The parties have submitted exhibits in support of, and in opposition to, the present motion to dismiss. On a motion to dismiss, we "may consider materials incorporated into the complaint or matters of public record" without converting the motion into a motion for summary judgment. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). Each of the exhibits that we consider in ruling on this motion were incorporated by reference in the complaint. Therefore, we decline to convert the present motion into a motion for summary judgment under Rule 12(d), Fed. R. Civ. P.

used or acquired as a result of a violation of the Controlled Substances Act, the DEA sent plaintiff a written notice of its seizure of the currency and intent to forfeit the property. Response, exhibit A.

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") (codified in relevant part at 18 U.S.C. § 983), the government has 60 days after seizing property to send written notice to interested parties of its intent to pursue civil forfeiture. 18 U.S.C. § 983(a)(1)(A). It is then within the prerogative of the claimant to choose the forum of adjudication.

A person wishing to contest a civil forfeiture has two options. Within applicable deadlines, he can file a "claim" with the relevant administrative agency and require the agency to seek judicial forfeiture. See 18 U.S.C. § 983(a). The "claim need not be made in any particular form," id. § 983(a)(2)(D), but must identify the specific property being claimed, state the claimant's interest in the property, and be made under oath, id. § 983(a)(2)(C). To prevail in district court the government must prove by a preponderance of the evidence that the assets are subject to forfeiture.

Alternatively, a claimant can opt for administrative forfeiture by filing a "petition" with the administrative agency for "remission or mitigation of forfeiture" pursuant to regulations set forth in 28 C.F.R. Pt. 9. Under the remission/mitigation procedures, the seized property is deemed forfeited and the agency is given broad discretion to grant relief from forfeiture on fairness grounds. See 28 C.F.R. § 9.5. According to the regulations, once a petition is received, the seizing agency investigates its merits and submits a written report to the Ruling Official. Id. § 9.3(f). The Ruling Official reviews and considers the report and issues a ruling without a hearing. Id. § 9.3(g). If the Ruling Official denies the petition he will notify the claimant of the reasons and the right to submit a request for reconsideration. Id. § 9.3(i). A request for reconsideration is decided by a different Ruling Official than the one who decided the original petition. Id. § 9.3(j)(2).

Here, the DEA notified plaintiff of its intent to forfeit his property on June 1, 2006. The written notice informed plaintiff that, "You may petition the DEA for return of the

property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court." Response, exhibit A. Plaintiff was instructed to mail both the "petition for remission or mitigation" and the "claim" to DEA's Forfeiture Counsel within the deadlines set by the notice.

On July 3, 2006, within the prescribed deadline, plaintiff's counsel sent to DEA's Forfeiture Counsel a document entitled "Petition for Remission or Mitigation of Forfeiture." Response, exhibit B. Accordingly, the DEA processed the forfeiture administratively and on June 25, 2007, advised plaintiff that his Petition had been denied. Motion, exhibit 2. On October 19, 2007, in response to plaintiff's request for reconsideration, the DEA again denied the Petition. Response, exhibit C. Plaintiff now contends that in filing the Petition for Remission or Mitigation of Forfeiture he also intended to submit a claim to contest the forfeiture in federal court.

A claimant's election to proceed by petition for remission or mitigation binds that claimant to the administrative remedy. United States v. One 1987 Jeep Wrangler Auto., 972 F.2d 472, 479 (2d Cir. 1992). The administrative denial of a petition for remission or mitigation is not subject to judicial review on the merits. Scarabin v. DEA, 919 F.2d 337, 338-39 (5th Cir. 1990). Instead, our review "is limited to determining whether the agency followed the proper procedural safeguards" in forfeiting plaintiff's property. Id. at 338. Section 983(e) is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). Under section 983(e), an aggrieved party can move to set aside a declaration of nonjudicial forfeiture if he can show that he did not receive notice of the government's intention to forfeit the property. Id.

Plaintiff concedes that he received timely notice, however, he contends that the notice did not adequately advise him of his options to contest the forfeiture in violation of his constitutional right to due process. Response at 2-3. He claims that he properly complied with the notice, but the DEA incorrectly interpreted his submission as a request for remission/mitigation only. He argues that although he titled his submission a "Petition for Remission or Mitigation," the document also contained the statutorily required elements for

1 a valid "claim" and therefore it should have also been treated as a "claim."

2 The Due Process Clause of the Fifth Amendment prohibits the United States from depriving any person of property without due process of law. "[I]ndividuals whose property interests are at stake are entitled to notice and an opportunity to be heard." <u>Dusenbery v United States</u>, 534 U.S. 161, 167, 122 S. Ct. 694, 699 (2002).

The record demonstrates that plaintiff received the requisite notice in sufficient time to challenge the forfeiture proceeding. While the notice did not specifically describe the differences between submitting a "petition" and submitting a "claim," the notice clearly informed plaintiff that he had two distinct avenues of relief available. He could "*petition the DEA* for return of the property" through remission or mitigation, or he could "contest the seizure and forfeiture of the property *in Federal court*" by filing a "claim." <u>Response</u>, exhibit A (emphasis added).

On its face, the Petition for Remission or Mitigation, filed with the assistance of legal counsel, was an election by plaintiff to pursue an administrative challenge to the forfeiture. The DEA accepted plaintiff's document at face value, considered the merits of his Petition, denied his claim, and administratively forfeited the currency. It then considered and denied plaintiff's request for reconsideration. The DEA administrative forfeiture proceeding afforded plaintiff a sufficient legal forum to contest forfeiture of the currency. We conclude that plaintiff was provided a constitutionally adequate notice and opportunity to be heard.

Accordingly, **IT IS ORDERED GRANTING** the government's motion to dismiss the complaint (doc. 13). The clerk shall enter final judgment.

DATED this 2nd day of July, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge